J-S45044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RICHARD DALE HELMS, SR. :
:
Appellant : No. 412 MDA 2018

Appeal from the PCRA Order February 13, 2018
in the Court of Common Pleas of Berks County
Criminal Division at Nos.:  CP-06-CR-0000395-2006
CP-06-CR-0002897-2006
CP-06-CR-0002898-2006
CP-06-CR-0004789-2006

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                   **FILED OCTOBER 09, 2018**

Appellant, Richard Dale Helms, Sr., appeals *pro se* from the denial of his
petition filed pursuant to the Post Conviction Collateral Relief Act, 42 Pa.C.S.A.
§§ 9541-9546.  We affirm.

The PCRA court aptly set forth the facts and procedural history in this
matter in its January 23, 2018 opinion, as follows:

> Following a jury trial, [Appellant] was convicted in four
> separate docket numbers of various offenses, including multiple
> counts of involuntary deviate sexual intercourse with a child,
> indecent assault on a person less than thirteen years of age,
> indecent exposure, endangering the welfare of children, and

_____

*   Retired Senior Judge assigned to the Superior Court.

corruption of minors.[1]  He was subsequently sentenced to serve an aggregate term of [not less than 124, nor more than 248,] years of incarceration in a state correctional facility.  [Appellant] was represented at trial and sentencing by John J. Grenko, Esquire.

Following an untimely appeal and the reinstatement of [Appellant's] direct appellate rights, *nunc pro tunc*, Osmer S. Deming, Esquire, was appointed to represent [Appellant].  On July 1, 2009, Attorney Deming perfected a direct appeal on [Appellant's] behalf.  On April 16, 2010, the Superior Court of Pennsylvania affirmed [Appellant's] judgment of sentence.  [(*See Commonwealth v. Helms*, 998 A.2d 1012 (Pa. Super. 2010) (unpublished memorandum)).]  [Appellant] then sought review in the Supreme Court of Pennsylvania, which denied his petition for allowance of appeal on October 13, 2010.  [(*See Commonwealth v. Helms*, 8 A.3d 898 (Pa. 2010)).]

(PCRA Court Opinion, 1/23/18, at 1-2).

Thereafter, the post-conviction history of this matter becomes a procedural quagmire.  Hence, we include only the relevant portions from our review of the certified record.  On September 14, 2011, Appellant timely filed the instant PCRA petition *pro se*.  On August 12, 2013, Appellant filed an application for self-representation, which the PCRA court denied on August 19, 2013.  On August 26, 2013, appointed counsel filed a *Turner*/*Finley*[2] "no merit" letter and petition to withdraw in which he represented that, due to Appellant's lack of cooperation, he was unable to prepare an amended PCRA

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 3127(a), 4304(a)(1), and 6301(a)(1), respectively.

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition. After issuing Rule 907 notice, and giving Appellant the opportunity to respond, the PCRA court dismissed his petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant timely appealed. On October 15, 2014, a panel of this Court reversed and remanded for the court to conduct a waiver of counsel colloquy under the unique circumstances presented by the case. (*See Commonwealth v. Helms*, 2014 WL 10795256, unpublished memorandum at *5 (Pa. Super. filed Oct. 15, 2014)).

On December 11, 2014, Appellant filed a written waiver of PCRA counsel colloquy, and, on March 16, 2015, he filed a *pro se* amended PCRA petition. On July 23, 2015, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed an amended petition in response to the notice, and, on April 21, 2016, the court dismissed the petition. Appellant timely appealed. On November 22, 2016, a panel of this Court vacated and remanded the matter, directing the court to hold an on-the-record *Grazier*[3] hearing. (*See Commonwealth v. Helms*, 2016 WL 6876378, unpublished memorandum at *2 (Pa. Super. filed Nov. 22, 2016)).

Thereafter, the PCRA court held a *Grazier* hearing, and Appellant again was permitted to represent himself. On July 28, 2017, he filed a "stream of

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

consciousness [amended PCRA] petition."[4]  (PCRA Ct. Op., at 3) (internal quotation marks omitted).  After issuing Rule 907 notice, the court dismissed Appellant's petition on February 13, 2018.  Appellant timely appealed.[5, 6]

As a preliminary matter, we observe that Appellant's brief fails to include a statement of the questions involved pursuant to Rule 2116.  (*See* Appellant's Brief, at i-viii, 1-51).  Therefore, we could deem his issues waived.  *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved[.]"); *see also* Pa.R.A.P. 2101.  However, in the interest of judicial economy, we will address the issues Appellant raises in his rambling fifty-one page brief to the extent we can discern them.  *See* ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (declining to waive "forty-six page . . .

_____

[4] Appellant's *pro se* amended petition for PCRA relief was over eighty-three unintelligible pages long, plus extensive exhibits.  (***See*** Appellant's *Pro-Se* Amended Petition for [PCRA] Relief, 7/28/17, at I-IX, 1-83, Exhibits A-R).

[5] The notice of appeal does not identify from what decision Appellant is appealing, in violation of Pennsylvania Rule of Appellate Procedure 904.  (***See*** Notice of Appeal, 3/01/18); Pa.R.A.P. 904(a), (d).  However, it is clear from the context that he is appealing from the court's February 13, 2018 order.

[6] Appellant filed a court-ordered concise statement of errors complained of on appeal on March 16, 2018.  Appellant's vague Rule 1925(b) statement states merely, "were [Appellant's] counsel[] ineffective, constituting a layered ineffective assistance of counsel claim?" and "were [his] due process rights violated by [the trial/PCRA court], the Commonwealth, and agents thereof?" (Appellant's Concise Statement of Errors, 3/16/18).  The court filed a statement of reasons on March 23, 2018 in which it did not address Appellant's statement directly, but relied on the reasons stated in its January 23, 2018 Rule 907 notice.  ***See*** Pa.R.A.P. 1925.

rambling, repetitive and often incoherent" *pro se* brief and addressing

discernible arguments.).

> Our standard of review of an order denying a PCRA petition is limited to an examination whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record.

***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation

omitted).

In the argument section of his brief, Appellant alleges a layered

ineffective assistance of counsel claim on myriad bases. (***See*** Appellant's

Brief, 1-34). Appellant's issue lacks merit.

> The law presumes counsel has rendered effective assistance, and the burden of demonstrating ineffectiveness rests with an appellant. To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Holt***, ***supra*** at 1018 (citations and quotation marks omitted).

> Respecting [] layered claims, [an] appellant must demonstrate not only that trial counsel was ineffective . . . , but that appellate counsel also was ineffective. To the extent appellant faults direct appeal counsel for the manner in which he briefed preserved claims or claims of trial level ineffectiveness, those claims are not "layered," but focus directly on appellate counsel's performance[.] . . .

. . . [F]or purposes of efficiency, we may begin by assessing the merits of a defaulted underlying claim because, if we deem the claim meritless, neither trial nor appellate counsel could be found ineffective.

***Commonwealth v. Hannibal***, 156 A.3d 197, 207 (Pa. 2016), *cert. denied*, 138 S. Ct. 59 (2017) (citations omitted).

Here, Appellant first argues that trial counsel was ineffective for failing to impeach K.W. with his prior theft by unlawful taking and convictions of fleeing or attempting to elude police and driving without a license at trial. (***See*** Appellant's Brief, at 1-7). This issue does not merit relief.

Pursuant to Pennsylvania Rule of Evidence 609(a): "For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict, or by plea of guilty or *nolo contendere*, shall be admitted if it involved dishonesty or false statement." Pa.R.E. 609(a). "Crimes involving dishonesty or false statement [are] commonly referred to as *crimen falsi* crimes." ***Commonwealth v. Davis***, 17 A.3d 390, 395 (Pa. Super. 2011), *appeal denied*, 29 A.3d 371 (Pa. 2011) (citation omitted).

Instantly, the Commonwealth concedes that K.W. was convicted on May 23, 2007 for fleeing or attempting to elude a police officer. (***See*** Commonwealth's Brief, at 13). However, the crime of fleeing or attempting to elude a police officer is not a *crimen falsi* because there is no element of dishonesty or false statement set forth in the statutory offense. ***See*** 75

Pa.C.S.A. § 3733;[7] *see also Commonwealth v. Williams*, 573 A.2d 536, 538 (Pa. 1990) (resisting arrest is not *crimen falsi* offense); *Commonwealth v. Harris*, 658 A.2d 811, 813 (Pa. Super. 1995) (hindering apprehension not *crimen falsi* offense).

Moreover, although K.W. was charged with theft by unlawful taking, Appellant concedes that the Commonwealth withdrew said charges. (*See* Appellant's Brief, at 1). Therefore they are not "prior convictions" for Rule 609(a) purposes. Pa.R.E. 609(a).

Hence, trial counsel cannot be found ineffective for failing to impeach K.W. with evidence of either his prior conviction (because it did not involve *crimen falsi*) or his charge of theft by unlawful taking (because it did not involve a conviction). *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.") (citation omitted). Hence, Appellant's argument lacks merit.

---

[7] Section 3733 of the Vehicle Code provides, in pertinent part:

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S.A. § 3733(a).

In his second argument, Appellant maintains that trial counsel was ineffective for failing to object to the allegedly perjured testimony of K.W. (**See** Appellant's Brief, at 7-8). This issue is waived.

It is well-settled that appellate briefs must conform to the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. Rule 2119 requires that the argument section of the brief include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When discussing record evidence, the Rules require an appellant to set forth a "reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c).

Here, Appellant maintains that K.W. perjured himself, with the full knowledge of the Commonwealth and trial court, because the dates on which he alleged the abuse occurred were incorrect. (**See** Appellant's Brief, at 7-8). However, he provides no law, discussion, or citation to the record in support of his claim. (**See id.**). Therefore, his argument is waived. **See Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

In his third argument, Appellant alleges that counsel was ineffective for failing to challenge the admission of photographs of the trailer on his property into evidence because the Commonwealth did not produce them in discovery,

and they were the fruit of an illegal search and seizure. (*See* Appellant's Brief, at 9-12). Appellant is due no relief on this claim.

It is well settled "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "[N]o *Brady* violation occurs where the parties had equal access to the information[.]" *Commonwealth v. Grant*, 813 A.2d 726, 730 (Pa. 2002) (citation omitted).

Here, the PCRA court observed, "[i]t is inconceivable . . . that the layout of a trailer that was located on [Appellant's] property constitutes *Brady* material." (PCRA Ct. Op., at 8). We agree. Not only did Appellant know the layout and appearance of his own trailer, there is not a reasonable probability that the evidence would have resulted in a different outcome. *See Bagley*, *supra* at 682; *Grant*, *supra* at 730. This claim does not merit relief.

Moreover, Appellant's argument that counsel was ineffective because he failed to challenge the admission of the evidence on search and seizure grounds is likewise not compelling.

It is well settled that, "[g]enerally, before police officers constitutionally, *i.e.*, reasonably, may enter into a person's home to search for evidence of a particular crime, they must apply for, and obtain from a neutral and detached magistrate, a search warrant supported by individualized probable cause." ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1084 (Pa. 2017).

Here, one of the child victims told Detective Thomas Yeich that Appellant sexually assaulted him in a trailer located on his property. (***See*** N.T. Trial, 6/24/08, at 214, 235). Thereafter, in the spring of 2008, he took photographs of the trailer. (***See id.*** at 235). Appellant argues that, because the detective did not remember the exact date that he took the photographs, and the Commonwealth did not produce a search warrant, Detective Yeich illegally took the photographs. (***See*** Appellant's Brief, at 11). However, there is nothing in the record to support a claim that Detective Yeich took the photographs without a search warrant merely because he did not recall the exact date that they were taken, and Appellant provides no authority to support such an inference. Therefore, Appellant has failed to establish that his rights were violated by counsel's failure to object.

Also, the PCRA court found that Appellant "suffered no prejudice by [the photographs'] admission[,]" in light of the "clear, unequivocal testimony from the child victims regarding the scenes depicted in the photographs and such scene-setting was not a critical element to the charges for which [Appellant] was convicted." (PCRA Ct. Op., at 8). After our independent review, we

agree. There was more than sufficient evidence of record to convict Appellant. There is not a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, *supra* at 682. Therefore, the PCRA court properly exercised its discretion when it found that Appellant's claim, that trial counsel was ineffective for failing to object to the admission of the photographs of his trailer, lacks merit. *See Holt*, *supra* at 1017-18.[8]

In his fourth argument, Appellant maintains that trial counsel was ineffective for failing to introduce his medical records a trial "in order to show [he] was not capable of performing the[] alleged acts[.]" (Appellant's Brief, at 22). This issue does not merit relief.

The PCRA court aptly addressed Appellant's issue as follows:

> [Appellant] alleges that trial counsel was ineffective for failing to present medical records that would have shown that he was unable to work, go up stairs, get down on his knees, or perform the alleged sex acts for which he was on trial. . . . Ms. Klemmer, [Appellant's] fiancée, testified that [Appellant] had been injured in an automobile accident on January 18, 2004 and that [he] also suffered from erectile dysfunction. [Appellant] failed to demonstrate that the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest or that there is a reasonable probability

---

[8] Appellant raises a claim regarding counsel's alleged ineffectiveness for his failure to argue the unconstitutionality of section 3106 of the Crimes Code and the illegality of Pennsylvania Suggested Standard Criminal Jury Instruction 4.13(B). (*See* Appellant's Brief, at 12-22). However, he provides no pertinent law finding either the statute or the jury instruction unconstitutional, and we are not aware of any. Therefore, because counsel will not be found ineffective for failing to raise a meritless claim, this argument fails. *See Spotz*, *supra* at 1210.

that the outcome of the proceedings would have been different had the medical records been introduced. Additionally, the medical records attached to his PCRA petition as Exhibit E do not demonstrate total disability and cover a period of only six weeks, hardly indisputable proof that he cannot possibly be guilty. Similarly, the medical records attached to his reply to the Commonwealth's answer are not indisputable proof of disability and in fact mention "recent kneeling activities." One outpatient note from April 23, 2004 even raises a question as to whether the treatment provider believes [Appellant's] claim of pain. The medical records provided by [Appellant] do not prove that their admission would have changed the outcome of the trial. This claim is also without merit.

(PCRA Ct. Op., at 10). After our thorough independent review of the record, we agree with the PCRA court. Appellant fails to meet his burden to overcome the presumption of counsel's effectiveness. The PCRA court properly denied this claim. *See Holt*, *supra* at 1017-18.

Finally, Appellant claims that counsel was ineffective for failing to impeach the Commonwealth's witnesses with alleged prior inconsistent statements. (*See* Appellant's Brief, at 25-35). This issue lacks merit.

As [the Pennsylvania Supreme Court has] explained, testimony which the defendant believes was not helpful by hindsight does not lay the groundwork for an allegation of ineffectiveness. Matters concerning the examination and cross-examination of witnesses are matters clearly within the province of trial counsel. However, [t]he right to representation by counsel to be meaningful necessarily includes the right to effective representation. The examination into the effectiveness of counsel does not turn on whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

*Commonwealth v. Smith*, 17 A.3d 873, 912 (Pa. 2011), *cert. denied*, 567 U.S. 937 (2012) (citations omitted). "Absent any showing that appellant was harmed by counsel's decision not to cross-examine the victim more

extensively, we cannot say that trial counsel was ineffective based upon appellant's bald assertion that counsel should have chosen a different strategy." ***Commonwealth v. Smolko***, 666 A.2d 672, 680 (Pa. Super. 1995).

Here, our review of the certified record confirms that trial counsel thoroughly impeached the child witnesses, albeit on other grounds. (***See*** N.T. Trial, 6/23/08, at 36-39, 57-58, 82-83, 85-86, 93-95; N.T. Trial, 6/24/08, at 143-44, 158-68, 191-200). Therefore, because cross-examination of the witnesses was within the province of trial counsel, Appellant cannot establish prejudice because he now questions counsel's choice to cross-examine the witnesses on different grounds than prior inconsistent statements. ***See id.***; ***see also Smith***, ***supra*** at 912; ***Smolko***, ***supra*** at 680. Hence, the PCRA court properly found that Appellant failed to establish that counsel was ineffective in his cross-examination of the Commonwealth's witnesses. ***See Holt***, ***supra*** at 1017-18.[9, 10]

---

[9] Appellant's claims of illegal search and seizure, perjury, and judicial and prosecutorial misconduct are not proper grounds for post-conviction relief. (***See*** Appellant's Brief, at 35-37, 41-50). Moreover, as discussed, ***supra***, any underlying claim of illegal search and seizure, perjury, or violation of ***Brady***, in his allegations of counsel's ineffectiveness, lacks merit. (***See supra*** at *7-10; Appellant's Brief, at 38-40). Also, after our independent review, we conclude that Appellant's claims of judicial bias and prosecutorial misconduct would lack merit, even if properly before us in the PCRA context. (***See*** Appellant's Brief, at 45-50).

[10] By extension, Appellant has also failed to establish appellate counsel's ineffectiveness. ***See Hannibal***, ***supra*** at 207.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/09/2018